**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FELICIA A. JOHNSON,
             Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
             Agency.

DOCKET NUMBER
DC-844E-16-0112-I-1

DATE: July 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Felicia A. Johnson, Fayetteville, North Carolina, pro se.

Delores A. Saunders, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) concerning her disability retirement annuity under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant is a Medical Support Assistant for the Department of Veterans Affairs. Initial Appeal File (IAF), Tab 5 at 36. In January 2015, she submitted an application for disability retirement under FERS. *Id*. at 34-35. The application cited a number of physical and mental impairments with symptoms such as severe back pain and panic attacks. *Id*. at 34.

¶3      In September 2015, OPM denied the appellant's application. *Id*. at 28-32. The appellant requested reconsideration, but OPM again found that the appellant was not entitled to disability retirement. *Id*. at 4-8.

¶4      The appellant filed the instant appeal, contesting OPM's reconsideration decision. IAF, Tab 1. After permitting both parties to submit evidence, the administrative judge affirmed OPM's decision.[2]    IAF, Tab 15, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has filed a response. PFR File, Tab 3.

---

[2] The appellant did not request a hearing. IAF, Tab 1 at 2.

¶5 An individual bears the burden of proving her entitlement to disability retirement by preponderant evidence. *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008); 5 C.F.R. § 1201.56(b)(2)(ii). To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) she must have completed at least 18 months of creditable civilian service; (2) she, while employed in a position subject to FERS, must have become disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the disability retirement benefits application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she must not have declined a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451(a); *Henderson*, 109 M.S.P.R. 529, ¶ 8; 5 C.F.R. § 844.103(a).

¶6 The administrative judge found that the appellant's appeal failed because she did not meet requirements 2-5. ID at 3-8. We agree.

¶7 The Board has held that there are two ways to meet the statutory requirement that the individual "be unable, because of disease or injury, to render useful and efficient service in the employee's position"; namely, by showing that the medical condition (1) caused a deficiency in performance, attendance, or conduct or (2) is incompatible with useful and efficient service or retention in the position. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012); *see* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2); *see also Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012) (finding that the standard is the same under both the Civil Service Retirement System and FERS). Under the first method, an individual can establish entitlement by showing that the medical condition affects her ability to perform specific work requirements,

prevented her from being regular in attendance, or caused her to act inappropriately. *Henderson*, 117 M.S.P.R. 313, ¶ 16. Under the second method, an individual can establish entitlement by showing that the medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Id*.

¶8        A determination of disability is based on objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence showing the effect of the individual's condition on her ability to perform the duties of her position. *Id.*, ¶ 19. The ultimate question, based on all relevant evidence, is whether the individual's medical impairments preclude her from rendering useful and efficient service in her position. *Id*., ¶ 20. This question must be answered in the affirmative if the totality of the evidence makes that conclusion more likely to be true than not true. *Id*.

¶9        On review, the appellant first argues that the administrative judge failed to address medical documentation showing that she should not be in the workforce due to her anxiety. PFR File, Tab 1 at 4. As an initial matter, we note that the administrative judge thoroughly discussed the evidence in the initial decision, and we see no error in any failure to mention every piece of evidence. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (recognizing that an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In addition, although the appellant suggests that the voluminous record below contains some documentation showing she should not be in the workforce, she failed to specify what evidence she is referring to. PFR File, Tab 1 at 4; *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (finding that, before the

Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error). The appellant's initial pleading included documentation concerning a September 2015 reasonable accommodation request. IAF, Tab 1 at 12-14. In it, a physician recommended that the appellant be in an environment with little or no patient contact, fewer employees, and limited noise due to her anxiety, panic attacks, and depression. *Id*. at 14. The physician opined that the appellant would be able to excel with that accommodation. *Id*. However, the appellant has not identified and we were unable to locate any treatment records supporting the physician's conclusions, nor has she provided any argument or evidence concerning the agency's response to this requested accommodation.

¶10 The appellant also asserts that the administrative judge failed to address her invocation of the Family and Medical Leave Act of 1993 (FMLA) to take leave for depression and anxiety. PFR File, Tab 1 at 4. But again, the appellant failed to identify any corresponding evidence. Moreover, as recognized above, the administrative judge's failure to mention every piece of evidence is not dispositive. *Marques*, 22 M.S.P.R. at 132. Upon review, we were unable to locate any evidence in the record to corroborate or further explain the appellant's assertion. The leave summary included in the record below covers a period between October 2014 and February 2015, during which the appellant took 77 hours of annual leave, 9.5 hours of leave for family care, and 29 hours of sick leave. IAF, Tab 4 at 189-91. The leave summary does not mention FMLA. *Id*. At the end of the period, in February 2015, the appellant's supervisor completed a form in connection with the instant disability retirement application. IAF, Tab 5 at 37. In it, she indicated that the appellant's attendance was acceptable and denied that absences had any impact on work operations. *Id*.

¶11 The appellant lastly argues that her depression and anxiety affected her job performance, despite any contrary conclusions from her supervisor, PFR File,

Tab 1 at 4, but once more, she failed to identify any supportive evidence. In contrast, the record does include the appellant's performance appraisal, dated just a few months prior to her disability retirement application, showing that she received a fully successful or exceptional rating for each performance element. IAF, Tab 4 at 183-87. It also includes a notation from the appellant's supervisor, dated just after her disability retirement application, indicating that her performance remained successful. IAF, Tab 5 at 37.

¶12    After considering each of the arguments discussed above, we discern no basis for reversing the initial decision. The majority of the treatment records before us are dated years before the appellant alleges that she became disabled, and the more recent records suggest her condition is stable. *See generally* IAF, Tab 4 at 4-144, Tab 5 at 40-707. For example, the most recent treatment record we located, dated the month before the appellant's disability retirement application, lists a history of conditions such as dyslipidemia, hyperthyroidism, depression, anxiety, back pain, allergies, and dry eyes. IAF, Tab 5 at 51. In terms of her mental health, the record suggests her condition was stable with prescribed medications, and without treatment from a mental health professional. *Id*. at 55. Her depression screening was negative. *Id*. at 57. The appellant's physician simply recommended, in terms of the appellant's physical health, that she better monitor her blood sugar for purposes of her diabetes. *Id*. at 49-52. Although the physician offered to refer the appellant for a diabetic clinic consult, the appellant refused. *Id*. at 51.

¶13    The administrative judge found that the available medical records reflect a variety of medical conditions, but do not reflect that they are of a severity the appellant has alleged. ID at 4-7. We agree. As a result, we find that the appellant has not met her burden of proving that she is "unable, because of disease or injury, to render useful and efficient service in [her] position." 5 U.S.C. § 8451(a)(1)(B).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                 _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.